ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

STATE FARM LIFE INSURANCE )
COMPANY )
 )
    Plaintiff )
 )
 ) CIVIL ACTION
vs. )
 ) FILE NO. 7:02-CV 96
JULI ANN HOLCOMBE, ESTATE OF )
HUGH CLARK HOLCOMBE, )
HUGH CHARLES HOLCOMBE, a minor )
child, MARTIN CLARK HOLCOMBE, )
a minor child, LAURA L. HOLCOMBE, )
and SARA LYNN HOLCOMBE )
 )
    Defendants

## COMPLAINT IN INTERPLEADER

Now comes STATE FARM LIFE INSURANCE COMPANY ("State Farm"), as plaintiff, and files this complaint in interpleader and for declaratory judgment, as follows:

1.

State Farm is a corporation duly organized and existing under the laws of the State of Illinois, maintaining its principal place of business at One State Farm Plaza, Bloomington, Illinois. State Farm is duly licensed to do business in the State of Georgia.

2.

Defendant Juli Ann Holcombe is a citizen of the State of Georgia, residing in Tift County at 2011 Moore Highway, Tifton, Georgia 31794, and is subject to the jurisdiction and venue of this Court.

3.

Based on information and belief, the Estate of Hugh Clark Holcombe will be administered in the Probate Court of Tift County, Georgia, and will be subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. § 53-11-1 *et seq.* Based on information and belief, Juli Ann Holcombe is the Executrix of the Estate of Hugh Clark Holcombe.

4.

Based on information and belief, Hugh Charles Holcombe is a minor child, is a citizen of the State of Georgia, residing in Tift County at 2011 Moore Highway, Tifton, Georgia 31794, and is subject to the jurisdiction and venue of this Court.

5.

Based on information and belief, Martin Clark Holcombe is a minor child, is a citizen of the State of Georgia, residing in Tift County at 2011 Moore Highway, Tifton, Georgia 31794, and is subject to the jurisdiction and venue of this Court.

6.

Based on information and belief, Laura L. Holcombe is a citizen of the State of Georgia, residing in Tift County at 2011 Moore Highway, Tifton, Georgia 31794, and is subject to the jurisdiction and venue of this Court.

7.

Based on information and belief, Sara Lynn Holcombe is a citizen of the State of Georgia, residing in Chatham County at 204 East Deremen Avenue, Savannah, Georgia 31406, and is subject to the jurisdiction and venue of this Court.

**Cause of Action**

8.

State Farm repeats and realleges the allegations set forth in paragraphs 1 through 7 as if set forth fully herein.

9.

This complaint in interpleader is brought by reason of potentially conflicting claims of defendants to certain life insurance benefits payable by reason of the death of Hugh Clark Holcombe ("decedent").

10.

This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that (a) their diversity of citizenship between the parties; and (b)

the matter in controversy, exclusive of interest and costs, exceed the value of $75,000.

11.

The interpleader action is one over which this United States District Court has jurisdiction pursuant to 28 U.S.C. § 1335 because there is diversity of citizenship between at least two of the claimants and the amount at issue is at least $500.00.

12.

Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1397, in that this complaint is brought in the judicial district in which one of the claimants resides.

13.

On or about November 14, 1991, State Farm issued Policy No. LF-1184-5984 to the deceased, providing One Hundred Thousand Dollars ($100,000.00) in life insurance benefits and One Hundred Thousand Dollars ($100,000.00) in accidental death benefits, subject to the terms of the policy. A copy of this policy is attached hereto as Exhibit 1.

14.

On or about January 10, 1992, State Farm issued Policy No. LF-1202-1876 to

the deceased, providing One Hundred Thousand Dollars ($100,000.00) in life insurance benefits and One Hundred Thousand Dollars ($100,000.00) in accidental death benefits, subject to the terms of the policy. A copy of this policy is attached hereto as Exhibit 2.

15.

Each policy initially named defendant Juli Ann Holcombe as the primary beneficiary, defendants Sara Lynn Holcombe and Laura L. Holcombe and any other children born of the decedent as secondary beneficiaries, and the Estate of Hugh Clark Holcombe as the final beneficiary. The application for insurance is attached hereto as Exhibit 3.

16.

On or about November 21, 1995, the decedent changed the secondary beneficiaries to defendants Sara Lynn Holcombe, Martin C. Holcombe, and Hugh C. Holcombe. The change of beneficiary form is attached hereto as Exhibit 4.

17.

On or about December 27, 2000, the decedent changed the secondary beneficiary to defendant Estate of Hugh Clark Holcombe. The change of beneficiary form is attached hereto as Exhibit 5.

18.

Each policy's accidental death benefit rider provides, in relevant part, as follows:

> We will pay this amount when we receive due proof that the Insured's death . . . resulted, directly and independently of all other causes, from an accidental bodily injury . . . .

Exhibits 1 and 2, Page One of Accidental Death Benefit Rider.

19.

Each policy also provides that no accidental death benefits will be paid "if the Insured's death results from . . . (6) Committing an assault or felony." *Id.*

20.

On or about May 26, 2001, decedent died due to gunshot wounds to the head, torso, and extremities.

21.

A copy of the death certificate of decedent Hugh Clark Holcombe is attached hereto as Exhibit 6.

22.

Defendant Juli Ann Holcombe has submitted a claim to State Farm for the life insurance benefits payable by reason of the death of Hugh Clark Holcombe. A copy

of the claim form is attached hereto as Exhibit 7.

23.

According to Georgia Bureau of Investigation ("GBI") documents referencing an interview with defendant Juli Ann Holcombe, defendant Juli Ann Holcombe fired the shots which caused Hugh Clark Holcombe's death. The GBI report's Exhibit 21 is attached hereto as Exhibit 8.

24.

On or about January 17, 2002, the Tift County District Attorney presented murder charges against defendant Juli Ann Holcombe to the grand jury, which returned a "no bill." However, the District Attorney left open the possibility of pursuing criminal charges against defendant Juli Ann Holcombe at a later date.

### Count I

### Interpleader

25.

State Farm repeats and realleges the allegations set forth in paragraphs 1 through 24 as if set forth fully herein.

26.

Due to the circumstances surrounding the death of the decedent and the continuing possibility of prosecution as a result of the death, State Farm believes

there to be a possibility that defendant Juli Ann Holcombe is or will be barred from recovering the life insurance benefits, pursuant to O.C.G.A. § 33-25-13. As such, and because there are potentially adverse and conflicting claims of defendants, State Farm is uncertain as to the proper recipient of the life insurance benefits payable under the policies. As a result, State Farm may be subjected to multiple litigation and exposed to multiple liability, unless this Court requires defendants to assert in this proceeding any claims which they have or may wish to assert to such proceeds.

27.

State Farm requested that defendant Juli Ann Holcombe disclaim the life insurance benefits, so that they may be paid to the secondary beneficiary, the Estate of Hugh Clark Holcombe.

28.

Defendant Juli Ann Holcombe has refused to disclaim the life insurance benefits.

29.

State Farm prays that defendants be directed to file in this proceeding

whatever claims they may wish to assert to said benefits, and that State Farm be discharged from any and all further liability for life insurance benefits payable under the policies by reason of the death of decedent.

30.

State Farm prays that it be awarded a reasonable sum to cover its costs, expenses, and attorney fees in connection with the bringing of this interpleader.

## Count II

## Declaratory Judgment

31.

State Farm repeats and realleges the allegations set forth in paragraphs 1 through 30 as if set forth fully herein.

32.

This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201 to obtain a judicial declaration of rights and/or other legal relations with respect to an actual controversy between State Farm and defendants as described herein.

33.

This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332, in that (a) there is diversity of citizenship between the parties, and (b) the matter in controversy, exclusive of interest and

costs, exceeds the value of $75,000.

34.

Venue for this declaratory judgment action is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), in that this civil action is brought in the judicial district in which defendant Juli Ann Holcombe resides and in which this claim arose.

35.

Defendant Juli Ann Holcombe has submitted a claim to State Farm for the accidental death benefits payable by reason of the death of Hugh Clark Holcombe. A copy of the claim form is attached hereto as Exhibit 7.

36.

Because the decedent's death may not have resulted, directly and independently of all other causes, from an accidental bodily injury, State Farm seeks a declaration as to whether the accidental death benefits are payable under the above policies.

37.

Because the decedent's death may have resulted from an assault or felony, State Farm seeks a declaration as to whether the accidental death benefits are payable under the above policies. *Pittman v. Massachusetts Mutual Ins. Co.*, 904 F.Supp. 1384 (S.D. Ga. 1995).

38.

Under the facts of this case and the law of this state, State Farm believes that the accidental benefits may not be payable, *Pittman v. Massachusetts Mutual Ins. Co., supra*, but seeks a judicial declaration to that effect.

### Relief Requested

WHEREFORE, plaintiff State Farm Life Insurance Company prays:

(a) That its civil action of interpleader be allowed;

(b) That guardians *ad litem* be appointed for the minor defendants with regard to the property at issue in this case;

(c) That defendants be directed and required to interplead in this action and to set forth in this case any claims which they have or may wish to assert to the life insurance benefits payable under the policies by reason of the death of Hugh Clark Holcombe;

(d) That defendants be temporarily and permanently enjoined from instituting or prosecuting against State Farm or any other party any claim in any state or United States District Court affecting said life insurance benefits, except by way of interpleader in this action;

(e) That State Farm be authorized and directed to pay into the registry of this Court the sum of $200,000.00 in life insurance benefits, plus accrued interest,

payable under said policies by reason of the death of Hugh Clark Holcombe and that an order be entered discharging State Farm from any and all further liability for life insurance benefits under said policies by reason of the death of Hugh Clark Holcombe;

(f) That this Court determine all conflicting claims to the life insurance benefits under the plan and give State Farm direction as to the proper recipient of those benefits;

(g) That this Court award State Farm a reasonable sum to cover its costs, expenses, and attorney fees in connection with the bringing of the interpleader action;

(h) That this Court issue a declaratory judgment as to whether the accidental death benefits are payable under the above-referenced policies; and

(i) That this Court grant such other and further relief as this Court deems just and appropriate.

[SIGNATURES ON NEXT PAGE]

This 10th day of September, 2002.

_____
Elizabeth J. Bondurant
Georgia Bar No. 066690
John L. McKinley
Georgia Bar No. 495513

Attorneys for Plaintiff
State Farm Life Insurance Company

CARTER & ANSLEY
Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
(404) 658-9220 (telephone)
(404) 658-9726 (facsimile)